IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

United States of America,

    Plaintiff,

v.

Tony Nichols,

    Defendant.

Case No. 3:19-cr-0294-26
Case No. 3:19-cr-0598-09

Judge James G. Carr

**ORDER**

    The Defendant, Tony Nichols, played a role in two unrelated but equally damaging drug conspiracies. In the first case, 3:19-cr-0294 ("294"), Defendant was the twenty-sixth co-conspirator of a conspiracy involving thirty-one individuals. The leader of this conspiracy was Pedro Negrin. In the second case, 3:19-cr-0598 ("598"), Defendant played the role of the ninth confederate in an eleven-defendant, eighty-two Count conspiracy. This time it was the Espino brothers, Leonardo and Thomas, who were the organizers.

    Pending in both cases is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines. (Doc. 1088; Doc 325). The Government opposes the Motions. (Doc. 1096; Doc. 326).

    For the reasons that follow, I reject the Government's Opposition and grant the Defendant's Motion to Reduce Sentence in Case 294 and Case 598.

## Background

    On April 20, 2021, Defendant entered a plea of Guilty to one Count of Conspiracy in each case. (Doc. 688; Doc. 261).

1

Pursuant to the terms of a binding Plea Agreement, Defendant's Total Offense Level in Case 294 was a 22, and with zero criminal history points, his Criminal History Category a I. (*Id.*). The resulting Guideline Range was 41-51 months. (Doc. 949 SEALED). His Total Offense Level in Case 598 was a 24, and with a Criminal History Category of I, his Guideline Range was 51-63 months. (Doc. 262 SEALED).

On March 17, 2022, I conducted a sentencing on both cases. I sentenced the Defendant to the lowest end of both ranges – forty-one (41) months in 294 (Doc. 946 Judgment) and fifty-one (51) months in 598. (Doc. 261 Judgment). This resulted in a total sentence of ninety-two (92) months. (*Id.*).

**Discussion**

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in § 4A1.1(c), providing a two-offense-level reduction for certain offenders who present zero criminal history points. To be eligible, an offender must meet all eligibility criteria. In other words, in order for Amendment 821 to apply to zero-point offenders, the conduct at issue cannot fall within one of the ten disqualifying events. See, U.S.S.G. §§ 3B1.1(a); 4C1.1.(a).

Undisputedly, Defendant is a zero-point offender.

Under Amendment 821, in Case 294, Defendant's Total Offense Level would decrease to 20, and with a Criminal History Category of I, his resulting Guideline Range is 33-41 months. In Case 598, his Total Offense Level would decrease to a 22, and his resulting Guideline Range is 41-51 months.

The Government opposes the Defendant's Motions. It argues that Defendant should be held to his binding Plea Agreement because as a result of the negotiations, he already received

the benefit of his bargain. Therefore, argues the Government, the Court should deny Defendant's Motions as he would receive an unjustified windfall, and a reduced sentence would not fairly account for his conduct in two charged drug conspiracies.

But, aside from pointing to the serious nature of the crimes – which is indisputable – the Government offers no other reason for denying Defendant the benefit of Amendment 821. The Government cannot fit Defendant into one of the ten disqualifying factors. Also missing from the Government's discussion is any reference to the Defendant's accomplishments while in custody. In addition to taking numerous courses, Defendant works forty-eight hours weekly attending to the prison grounds.

Furthermore, the Government's silence on the issue of prison infractions indicates that the Defendant appears to have learned to control himself and his conduct: to live, in other words, as a law-abiding inmate. His doing so is, in my view, a pretty good indication that he has "learned his lesson."

So, I reject the Government's arguments.

The Sentencing Commission adopted Amendment 821 to moderate, when it applies, sentences that the Commission implicitly concluded were too severe. The Amendment, in any event, provides relief only in narrowly confined circumstances. One, as in this case, is when a defendant has zero criminal history points. As the Sentencing Commission's studies found, such offenders tend to have lower recidivism rates.

We imprison people to protect society from the dangers of criminal conduct. We do so with two purposes in mind: incapacitation and deterrence.

Where, as here, it appears that those methods have accomplished – or clearly have begun to accomplish – their purpose, I see no reason why this Defendant should not receive the benefit

*in toto* of the relief permitted under Amendment 821. Certainly the Government presents nothing cogent or relevant in that regard.

It is, accordingly, hereby ORDERED THAT:

1. The Defendant's Motions for Sentence Reduction (Doc. 1088 in Case 294 and Doc. 325 in Case 598) under 18 U.S.C. § 3582(c)(2), be and the same hereby, are **granted;**

2. The Defendant's sentence be, and the same hereby is, **reduced** to thirty-three (33) months in Case No. 3:19-cr-0294-26, to be followed by the previously imposed term of Supervised Release (3 years);

3. The Defendant's sentence be, and the same hereby is, **reduced** to forty-one (41) months in Case No. 3:19-cr-0598-09, to be followed by the previously imposed term of Supervised Release (3 years);

4. Said sentences to run **consecutively**; said terms of Supervised Release to run **concurrently;** and

5. The Defendant's combined sentence be, and the same hereby is, **reduced** to seventy-four (74) months.

So ordered.
1/24/2025

                                          /s/ James G. Carr
                                          Sr. U.S. District Court Judge